IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERNAN SALAZAR,

      Petitioner,

v.                                                    No. CIV 02-1349 WPJ/LFG

IMMIGRATION AND
NATURALIZATION SERVICE,

      Respondent.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.     On October 24, 2002 [doc. 1], Petitioner Hernan Salazar's ("Salazar's") filed this Petition for Writ of Habeas Corpus, brought under 28 U.S.C. § 2241. On November 18, 2002, Respondent filed its response in opposition to Salazar's petition and requested dismissal of this matter. [Doc. 6.]

2.     Salazar's petition asserts that he is being detained illegally and indefinitely for deportation purposes subsequent to completing his sentence of imprisonment. [Doc. 1, p. 2.] Salazar

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

alleges due process, equal protection and Eight Amendment violations. The Court takes judicial notice that Salazar's petition and supporting brief are form documents.

3. Salazar is a native and citizen of Colombia. [Doc. 6, Ex. 1.] He had no legal immigration status in the United States. [Id.]

4. On October 5, 1997, Salazar was arrested related to criminal drug charges. On October 23, 1997, the INS entered an Order or Removal for Salazar's prior use of a fraudulent Guatemalan passport. [Id., Ex. 1.]

5. On March 6, 1998, Salazar entered a guilty plea to the charge of possession with intent to distribute 5.2 pounds of heroin, and was sentenced to 70 months in the custody of the Bureau of Prisons. [Id., Ex. 2.]

6. The government stated in its response that Salazar's projected release date from incarceration was November 5, 2002. Indeed, Salazar submitted a notice of change of address, filed November 6, 2002, indicating that he was being held in care of the INS Detention Center in El Paso. [Doc. 5.]

7. On March 31, 2003, the Court wrote to the parties requesting an update on Salazar's removal status. On April 2, 2003, the government responded, stating that Salazar was removed to Colombia on November 25, 2002. [April 2, 2003 Letter, Ex. 5.] The INS has since closed his case. [April 2, 2003 Letter.]

8. The primary injury alleged by Salazar's § 2241 petition was his claim that he was going to be held indefinitely by the INS pending removal from the United States. This did not occur, however, and he has since been removed from the country. Thus, his release from detention and removal to Colombia moots his challenges to the legality of any alleged indefinite period of detention.

<u>Riley v. INS</u>, 310 F.3d 1253, 1257 (10th Cir. 2002); <u>Sule v. INS</u>, 189 F.3d 478 (Table, Text in Westlaw), 1999 WL 668716 at *1 (10th Cir. July 22, 2002).

9. In addition, Salazar is unable, under these circumstances, to demonstrate any "collateral consequences" that might survive notwithstanding resolution of his primary alleged injury. <u>Sule</u>, at *1. Because Salazar has been released from custody or detention, a "favorable judicial decision" is unlikely to redress "actual injury traceable" to his detention. <u>Id.</u> Thus, his petition cannot survive and must be dismissed.

## **Recommended Disposition**

10. That Respondent's request to dismiss [doc. 6] be GRANTED and that this matter be dismissed, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge